[Cite as *State v. Palmer*, 2019-Ohio-5163.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|  | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.      18CA0075-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| THEODORE W. PALMER | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.      17-CR-0545 |

DECISION AND JOURNAL ENTRY

Dated: December 16, 2019

SCHAFER, Judge.

{¶1}     Theodore Palmer appeals his conviction in the Medina County Court of Common Pleas for aggravated trafficking in drugs in the vicinity of a juvenile.  For the reasons that follow, this Court affirms.

I.

{¶2}     A confidential informant told an agent in the Medina County Drug Task Force that she knew someone from whom she could buy methamphetamine.  The agent helped set up a controlled buy at a general store.  Before the buy, agents searched the informant to make sure that she did not have any drugs or money on her.  They gave her sufficient funds to make the buy and monitored her throughout the transaction.  She met Mr. Palmer in the parking lot of the general store and entered the store with him.  After they exited the store and Mr. Palmer drove away, she gave a quantity of methamphetamine to the undercover agent who had driven her to the location.  Other agents, meanwhile, stopped Mr. Palmer's truck and recovered some of the

bills that had been supplied to the informant for the buy.  A subsequent search of Mr. Palmer's barn uncovered cocaine, methamphetamine, and drug paraphernalia.  According to agents, when they interviewed Mr. Palmer, he admitted selling methamphetamine to the informant.

{¶3}    The Grand Jury indicted Mr. Palmer on one count of aggravated trafficking in drugs.  The indictment alleged that the offense occurred in the vicinity of a juvenile based on an agent's observation that there was a young female in one of the vehicles that was in the parking lot of the general store at the time of the sale.  The Grand Jury later added counts for possession of cocaine and possession of methamphetamine.  Following a jury trial, the jury found Mr. Palmer guilty of the offenses, and the trial court sentenced him to a total of six years imprisonment.  Mr. Palmer has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR II

**The evidence was insufficient to support the jury's verdict and finding of "guilty" as to the second-degree felony count of aggravated trafficking in drugs in the vicinity of a juvenile, in violation of R.C. 2925.03(a)(1)(c)(1)(C).**

{¶4}    Mr. Palmer argues that there was insufficient evidence for the jury to convict him of aggravated trafficking in drugs in the vicinity of a juvenile.  A challenge to the sufficiency of a criminal conviction presents a question of law, which we review de novo.  *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).  In carrying out this review, our "function * * * is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt."  *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.  After such an examination and taking the evidence in the light most favorable to the prosecution, we must decide whether "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *Id*.

{¶5}    The jury found Mr. Palmer guilty of aggravated trafficking in drugs and that the drug was methamphetamine. R.C. 2925.03(A)(1) provides that no person shall knowingly sell or offer to sell a controlled substance. R.C. 2925.03(C)(1) provides that, if the drug involves a schedule II drug such as methamphetamine, whoever violates Section 2925.03(A) is guilty of aggravated trafficking in drugs. The jury also found that Mr. Palmer committed the offense in the vicinity of a juvenile under R.C. 2925.03(C)(1)(c). A juvenile is a person under eighteen years of age. R.C. 2925.01(N). An offense is committed in the vicinity of a juvenile if it occurs "within one hundred feet of a juvenile or within the view of a juvenile, regardless of whether the offender knows the age of the juvenile, whether the offender knows the offense is being committed within one hundred feet of or within view of the juvenile, or whether the juvenile actually views the commission of the offense." R.C. 2925.01(BB).

{¶6}    Mr. Palmer argues that there was no evidence that there was a juvenile within 100 feet of the alleged drug sale. He argues that there was no evidence that the alleged juvenile that the agent saw was actually under 18 years of age or that the individual was within 100 feet of the drug transaction at the time it occurred.

{¶7}    An agent involved in the controlled buy testified that he was responsible for shooting video surveillance. He testified that, while Mr. Palmer and the confidential informant were inside the general store, he observed that there was a young juvenile female inside a black car in the general store's parking lot. The State also submitted the video that the agent recorded. In the video, there is what appears to be a young teen or pre-teen girl sitting in the front passenger seat of a white vehicle that is parked immediately in front of the store. The girl later climbs through to the back of the car and is no longer visible. The car is in the parking lot from the time Mr. Palmer arrives in his truck until after he departs. Approximately 30 seconds after

Mr. Palmer and the confidential informant enter the store, a black car pulls next to that vehicle. In the passenger seat of the black car is an even younger looking child, who remains in the car until after Mr. Palmer leaves the parking lot.

{¶8} Although the agents did not verify the age of the person in the black car, the State only had to prove that she was under the age of eighteen. A person's age can be inferred from her physical characteristics. *State v. Creech*, 12th Dist. Fayette No. CA2006-05-019, 2007-Ohio-2558, ¶ 19. Based on the agent's observations of the girl during his surveillance and the appearance of the children in the video submitted by the State, we conclude that there was sufficient evidence from which a rational trier of fact could find that there was a juvenile in the parking lot of the general store during the controlled buy. *See State v. Bussle*, 11th Dist. Portage No. 2009-P-0061, 2010-Ohio-4943, ¶ 59 (concluding that apparent age of child in video was sufficient to support trafficking in the vicinity of a juvenile offense).

{¶9} Regarding whether a juvenile was within 100 feet of the transaction, while there is no evidence about where the sale occurred inside the general store, the surveillance video establishes that the store is not a very large structure. The video also shows Mr. Palmer and the confidential informant in close proximity to the vehicles with the juveniles as they exit the store together. We, therefore, conclude that there was sufficient evidence from which a rational trier of fact could find that the offense occurred within 100 feet of a juvenile.

{¶10} Mr. Palmer also argues that there was insufficient evidence to support the conclusion that he knowingly sold or offered to sell drugs to the confidential informant. Multiple agents who spoke with Mr. Palmer after his arrest, however, testified that he admitted that he sold methamphetamine to her. He also had some of the money that agents provided to the confidential informant when he was stopped after the controlled buy. This evidence was

sufficient for a rational trier of fact to find the essential elements of aggravated trafficking in drugs proved beyond a reasonable doubt. Mr. Palmer's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

**The defendant's conviction of the second-degree felony count of aggravated trafficking in drugs in the vicinity of a juvenile, in violation of R.C. 2925.03(a)(1)(c)(1)(c), was against the manifest weight of the evidence.**

{¶11} Mr. Palmer also argues that his conviction for aggravated trafficking in drugs is against the manifest weight of the evidence. When considering an argument that a criminal conviction is against the manifest weight standard, this Court is required to

> review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Courts are cautioned to only reverse a conviction on manifest weight grounds "in exceptional cases," *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340, where the evidence "weighs heavily against the conviction[.]" *Thompkins*, 78 Ohio St.3d at 387.

{¶12} Mr. Palmer repeats many of the same arguments he made in support of his first assignment of error. He argues that his conviction is against the manifest weight of the evidence because no one actually saw the alleged drug transaction occur or any juveniles inside the store at the time it allegedly occurred. He argues that the State did not verify the age of the juvenile in the black car, that there was no evidence that the alleged juvenile was within 100 feet or within the view of the alleged drug transaction, and that the evidence did not support the conclusion that he knowingly sold methamphetamine. According to Mr. Palmer, the confidential informant had previously obtained a loan from him to put down a deposit on a new apartment and had

suggested meeting up with him so that she could pay him back. During the meeting, he returned a purse to her which she had left at his home, which, unbeknownst to him, must have contained the methamphetamine that the agents found after the meeting. Mr. Palmer argues that an independent weighing of the evidence demonstrates that the evidence weighs heavily against his conviction for aggravated trafficking in drugs within the vicinity of a juvenile.

{¶13} "This Court has repeatedly held that the trier of fact is in the best position to determine the credibility of witnesses and evaluate their testimony accordingly." *State v. Johnson*, 9th Dist. Summit No. 25161, 2010-Ohio-3296, ¶ 15. "[T]he jury is free to believe all, part, or none of the testimony of each witness." *Prince v. Jordan*, 9th Dist. Lorain No. 04CA008423, 2004-Ohio-7184, ¶ 35. In addition, "[a] verdict is not against the manifest weight of the evidence because the finder of fact chooses to believe the State's witnesses rather than the defendant's version of the events." *State v. Martinez*, 9th Dist. Wayne No. 12CA0054, 2013-Ohio-3189, ¶ 16. We also note that Mr. Palmer admitted at sentencing that he committed the offense. *State v. Fairbanks*, 1st Dist. Hamilton No. C-920812, 1993 WL 477042, *1 (Oct. 13, 1993) (rejecting defendant's manifest weight argument because he admitted that he was guilty of the offenses in the sentencing hearing).

{¶14} Upon review of the record, we conclude that Mr. Palmer has not shown that this is the exceptional case where the jury lost its way when it convicted him. *See Otten* at 340. We, therefore, reject his argument that his conviction is against the manifest weight of the evidence. Mr. Palmer's second assignment of error is overruled.

III.

{¶15} Mr. Palmer's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

ERIC D. HALL, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.